Taylor, Chief-Justice,
 

 delivered the Court’s opinion.
 

 The admissibility in evidence, of the laws of another State, purporting to be printed by public authority, presents a question which has frequently occurred before
 
 *442
 
 our Courts, but eitSier from their imperfect organization before the establishment of the Supreme Court, or the diversity of opinion entertained by different Judges on |j)e su5)jectj ¡¡as not received an authoritative decision. If it had been settled either way by solemn adjudication, or by the current of practice running in one channel, wre should be very unwilling to unsettle what is understood to be the law of the country. But we are now called, upon to say, whether it is right or wrong, according to law, and upon a review of all the cases and opinions, wc think the printed statute book of Virginia is not admissible, in evidence. The. printed statute book of this State is always received in evidence as to public acts, because it is presumed, that the contents of it are already lodged in the minds of the citizens. But the states, although united under a federal head, are, as to their local laws, as distinct from each other, as any foreign nations can be, and xfno legal presumption can exist, that the Judges or citi- \ * zens of one State, can have any knowledge of the law's \ of another. They must, in short, be placed upon the * i same legal ground with foreign laws ; and then therule^ ^applies, that the best evidence which the nature of the * case admits, .must be produced. It is admitted, that in point of fact, it. would be a matter of great convenience, to admit the printed statute books of those states, which confine with this, and that the risque of a successful imposition, would be too great for any man to encounter. But the rule which admits such evidence as to one state, must satisfy its competency as to all the states, however remote from, or unconnected with us, in social or commercial intercourse, and this wrould certainly open a door for fraud and imposition.
 

 We must then abide by the law -which regulates the authentication of these public acts of another State 5 and as the act of Congress of
 
 1790,
 
 made in obedience to the Constitution, has superseded the Common Law on this subject, it is essential that every law of another state of
 
 *443
 
 fered in evidence in this. should be. authenticated by the sea! of the state afiixcd thew to 3 for that is the highest' evidence of authenticity. The rase cited from 1
 
 Dallas,
 
 would be entitled to great respect, if the decision had been made posterior to the act of Congress, but it was made when Congress had prescribed no mode of authentication. Due faith and credit are certainly to be given to the acts,
 
 el
 
 cetera, of a sister state, but the question is, are they such acts ? and wo can adopt no better mode of ascertaining this, hut the one prescribed by Congress. On this ground, therefore, a new trial must be awarded.